UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE H. BAILEY,

    Plaintiff,

v.

OAKWOOD HEALTHCARE, INC.,
d/b/a OAKWOOD HOSPITAL
& MEDICAL CENTER,

    Defendant.
_____/

Case No. 15-11799

Paul D. Borman
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This Court previously entered an Opinion and Order that granted Defendant's Motion to Strike Attorney-Client Privileged Communication. (ECF No. 56.) Specifically, the Court held that Defendant had demonstrated that the attorney-client privilege applied to two pages of handwritten notes that were taken by David Squire (a Director of Human Resources employed by Defendant) during a conversation he had with Defendant's in-house counsel Patrice Baker, and which were attached to Plaintiff's Response to Defendant's Amended Motion for Summary Judgment. (ECF No. 41 Ex. A, Squire Notes.) The Court further held that Defendant had not waived the privilege in the course of discovery, that the notes were not exempted from the privilege as related to a serious crime or fraud, and that the notes could therefore not be considered by this Court in evaluating

Defendant's summary judgment motion.

Now before the Court is Plaintiff's Motion for Reconsideration of that Opinion and Order. (ECF No. 58, Pl.'s Mot.) In that Motion, Plaintiff argues that this Court erred in finding that Defendant had not waived the attorney-client privilege as to those notes. For the reasons articulated below, the Court will deny Plaintiff's Motion.

Plaintiff's Motion is brought under E.D.Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that

changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.").

In her Motion, Plaintiff argues that Defendant's failure to designate the notes as "confidential" pursuant to certain provisions of the parties' Stipulated Protective Order (ECF No. 15) waived the attorney-client privilege as to those notes. The Protective Order provided that Defendant could "designate business records containing trade secrets, proprietary business information, budgetary information, internal policies, strategic planning information, pricing information or financial information as 'Confidential' by placing a 'CONFIDENTIAL' stamp on the document(s)." (ECF No. 15 ¶ 2.) The Protective Order also provided that Defendant could do the same as to "personnel-related documents and information, including but not limited to disciplinary memoranda, compensation and Social Security Numbers," and that "[b]oth parties may designate documents as 'CONFIDENTIAL' in a separate document, or on the record." (*Id.*) The Protective Order then listed a series of rules applicable to confidential information, including a general prohibition on its disclosure as well as procedures for dealing with such disclosure. (ECF No. 15 ¶¶ 3-5.) That Defendant did not designate the notes as confidential under these provisions, Plaintiff argues, precludes Defendant from claiming now that the documents are protected by the attorney-client privilege.

The language of the Protective Order does not support Plaintiff's position, and in fact compels a contrary interpretation. Paragraph 7 of the Protective Order provides in full:

> The inadvertent or unintentional disclosure of any Confidential Information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation. *Similarly, the inadvertent or unintentional disclosure of any documents, information or testimony protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection.* Any documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the producing or providing party.

(ECF No. 15 ¶ 7 (emphasis added.)

Roughly the first half of Paragraph 7 applies to "confidential information," which could reasonably be interpreted to include to documents designated as 'CONFIDENTIAL' in the manner set forth in Paragraph 2. The third sentence of Paragraph 7 (emphasized above) refers to a separate category of documents, however, and this is clear from that sentence's use of the words "similarly" and "any documents." The Protective Order as a whole does not lay out as many clear

4

procedures for dealing with the disclosure of privileged documents as it does with respect to confidential documents, but this does not change the fact that the plain text of Paragraph 7 unequivocally treats them as two separate categories. Paragraph 7 makes clear that inadvertent disclosure of documents that fall within the protections of the attorney-client privilege or work product doctrine, regardless of whether they are also confidential documents, does not waive attorney-client privilege as to those documents. The Court therefore rejects this argument.

Plaintiff also takes issue with the Court's reliance on *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 625 (6th Cir. 2005), *opinion amended on reh'g* (Mar. 25, 2005), arguing that *Rainer* is inapposite because it did not address "the length of time from [the] date of discovery until an effort to protect the document is made." (Pl.'s Mot. at 11.) This statement is accurate but immaterial. *Rainer* was cited only for the proposition that a protective order clause like the one in this case can support a finding that a party did not waive attorney-client privilege by inadvertently disclosing a privileged document. *See Rainer*, 402 F.3d at 625 ("[W]e are not persuaded by the argument that the defendants waived their privilege when producing the document. The Agreed Protective Order signed by all the parties was clear in stating that a producing party waived no rights in the event a privileged document was accidentally produced."). The Court did not rely

procedures for dealing with the disclosure of privileged documents as it does with respect to confidential documents, but this does not change the fact that the plain text of Paragraph 7 unequivocally treats them as two separate categories. Paragraph 7 makes clear that inadvertent disclosure of documents that fall within the protections of the attorney-client privilege or work product doctrine, regardless of whether they are also confidential documents, does not waive attorney-client privilege as to those documents. The Court therefore rejects this argument.

Plaintiff also takes issue with the Court's reliance on *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 625 (6th Cir. 2005), *opinion amended on reh'g* (Mar. 25, 2005), arguing that *Rainer* is inapposite because it did not address "the length of time from [the] date of discovery until an effort to protect the document is made." (Pl.'s Mot. at 11.) This statement is accurate but immaterial. *Rainer* was cited only for the proposition that a protective order clause like the one in this case can support a finding that a party did not waive attorney-client privilege by inadvertently disclosing a privileged document. *See Rainer*, 402 F.3d at 625 ("[W]e are not persuaded by the argument that the defendants waived their privilege when producing the document. The Agreed Protective Order signed by all the parties was clear in stating that a producing party waived no rights in the event a privileged document was accidentally produced."). The Court did not rely

on *Rainer* in finding that the length of time that elapsed between the inadvertent disclosure and the privilege claim in this case did not amount to a waiver of the privilege. That conclusion was supported both by the Court's citation to *Quinn v. Griffith*, 515 F. App'x 543, 550 (6th Cir. 2013) (upholding the district court's determination that a party did not waive attorney-client privilege by invoking it only after it became clear that the opposing party intended to use the documents in question as substantive evidence), and by the Court's analysis of the waiver issue under the "intermediate approach" as set forth in *Grace Community Church v. Lenox Township*, 2007 WL 2534179 (E.D. Mich. 2007) (Borman, J.). Plaintiff has not identified a valid basis for distinguishing these authorities or otherwise revisiting this holding.

For these reasons, the court DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: APR 2 5 2017

6