UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE H. BAILEY,

        Plaintiff,         Case No. 15-11799

v.         Paul D. Borman
        United States District Judge

OAKWOOD HEALTHCARE, INC.,
*d/b/a* OAKWOOD HOSPITAL         Elizabeth A. Stafford
& MEDICAL CENTER,         United States Magistrate Judge

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE CORRECTED DECLARATION AND CORRECT SUMMARY JUDGMENT RECORD (ECF NO. 59)

### I. BACKGROUND

In this federal civil rights action, Plaintiff alleges that Defendant, her former employer, discriminated against her based on her race, her age, and her pregnancy, and that Defendant retaliated against her for opposing its discriminatory practices.

Defendant moved for summary judgment on September 2, 2016. (ECF No. 38.) After the parties stipulated to a time extension, Plaintiff filed a Response on October 14, 2016. (ECF No. 41.) Attached to that Response was a post-deposition, 30-page, 200-paragraph "Declaration of Michelle H. Bailey," containing statements by Plaintiff regarding the factual aspects of her case, which closed with an assertion by Plaintiff that the statements were "true to the best of [her]

knowledge, information and belief." The Declaration was not signed, sworn, or dated, as required by 28 U.S.C. § 1746. (ECF No. 41 Ex. B.)

On November 1, 2016, Plaintiff filed a second version of the Declaration, backdated to October 14, 2016, the date of the first filed Declaration, which contained Plaintiff's signature. (ECF No. 44, Bailey Declaration.) This second version was also not sworn. (*Id.*)

The Court set a hearing on Defendant's Motion for Summary Judgment and Defendant's Motion to Strike Plaintiff's Declaration for February 1, 2017.[1]

At the hearing, the Court ordered Plaintiff's Declaration stricken because it violated 28 U.S.C. § 1746, which permits an unsworn statement to suffice for a sworn statement *only if* it contains an assertion by the signatory that the contents of the document are true under penalty of perjury, the declarant's signature, and the date. (ECF No. 57, Transcript of February 1, 2017 Hearing at 6-7.) Plaintiff's

---

[1] Plaintiff's Response Brief to Defendant's Motion to Strike Plaintiff's Declaration (ECF No. 50) violates the Court's Civility Principles, set forth at footnote 3, *infra*, in that it contains uncivil disparaging remarks regarding Defendant's counsel:
    P. 3: "Consistent with Defendant's whining, it now states it has been prejudiced by 'untimeliness' when what it should do is sharpen its deposition cross-examination."
    P. 3: "Defendant laughably refers to some obligation . . ."
    P. 4: "The relief [Defendant] requests . . . are equally laughable. . . . The fact that [Defendant's] counsel did not prepare appropriately for her deposition is not the fault of Plaintiff."
Additional examples of Plaintiff's counsel's multiple and continuous violations of the Court's Civility Principles at Plaintiff's deposition are contained at pages 6-10, *infra*.

Declaration was neither sworn nor certified as true under penalty of perjury, in clear violation of 28 U.S.C. § 1746. Thereafter, while noting that this issue had been raised by Defendant's Motion to Strike the Declaration that was set for the hearing, the Court nevertheless provided Plaintiff with an opportunity to provide legal authority challenging the Court's ruling. (ECF No. 57, Transcript of February 1, 2017 Hearing at 8.) The Court then postponed the scheduled argument on Defendant's summary judgment motion and the motion to strike the Declaration. (*Id.* at 7-10.)

Plaintiff subsequently filed a brief on the § 1746 issue (ECF No. 60), and also filed a Motion for Leave to File Corrected Declaration and to Correct Summary Judgment Record (ECF No. 59). Defendant responded in opposition to each (ECF Nos. 61, 62), and Plaintiff filed a timely Reply (ECF No. 63). Thereafter, Plaintiff filed a "Notice of Supplemental Authority" with regard to the § 1746 issue. (ECF No. 64.)

## II. DISCUSSION

The Court finds that none of the authorities cited by Plaintiff establishes that this Court's reliance on the clear language of 28 U.S.C. § 1746 in striking Plaintiff's proposed Declaration on the scheduled date of the hearing on Defendant's motions for summary judgment and to strike Plaintiff's Declaration was contrary to the statute or binding legal precedent.

Plaintiff directs the Court to its decision in *Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, No. 10-CV-10578, 2014 WL 1028927 (E.D. Mich. Mar. 17, 2014), for the proposition that a motion to correct a summary judgment record "is the proper mechanism in order to seek relief from any defects in the Declaration." (ECF No. 59 at 2.) However, *Visteon* concerned a party's motion to amend admissions that had been directed at the wrong set of requests, and did not involve an affidavit or declaration at all. Thus, *Visteon* has no factual applicability to this case, and it does not support Plaintiff's contention that the Court must award relief to Plaintiff here.

Plaintiff's other cited cases are both materially distinguishable and nonprecedential. *Demara v. Comm'r of Soc. Sec.*, No. CV 15-12634, 2016 WL 1604700, at *1 (E.D. Mich. Mar. 31, 2016), involved an affidavit filed in support of an *in forma pauperis* application, while *Henry v. State Farm Fire & Cas. Co.*, No. 14-12004, 2015 WL 4429686 (E.D. Mich. July 20, 2015), did not involve an affidavit or declaration at all. In *Oldham v. Heilig-Meyers*, 1994 WL 75844 (6th Cir. 1994), the Sixth Circuit mentioned in passing that a district court allowed a party to correct a deficient affidavit, but neither addressed the issue itself nor offered any indication as to when such a decision would be proper, much less required by law. *See id.* at *1. And *Leininger v. Reliastar Life Ins. Co.*, No. 06-12249, 2007 WL 2875283 (E.D. Mich. Sept. 28, 2007), as Defendant points out, is

4

distinguishable because the question presented in that case was whether a § 1746 deficiency in a summary judgment affidavit was mooted by the same party's subsequent correction of the error in its reply brief.

Thus, Plaintiff has not provided (nor is the Court aware of) any authority indicating that the Court's striking of her Declaration as deficient under 28 U.S.C. § 1746 was unlawful.[2] In addition to not providing binding legal authority establishing the illegality of the Court's ruling, Plaintiff's "Brief Allowed By The Court At Its Hearing On February 1, 2017 Regarding Plaintiff's Declaration" (ECF No. 60) contained, as Exhibit A, this Court's previous opinion in *Lauderdale v. Wells Fargo, et al.*, 2012 WL 1714905 (E.D. Mich. May 15, 2012) (Borman, J.) (refusing to consider, on summary judgment, a Declaration not made under penalty of perjury as required under 28 U.S.C. § 1746), *aff'd* 552 F. App'x 566 (6th Cir.

---

[2] Subsequent to this Court's ruling on February 1, 2017 striking Plaintiff's unsworn Declaration, Plaintiff's counsel apparently recognized that he had committed a similar violation of 28 U.S.C. § 1746 in another case. (*Welch v. Level 3 Communications, LLC*, E.D. MI, Civil Case No. 15-13381, ECF No. 44.) (Tarnow, J.) Plaintiff's subsequent motion to file a corrected Declaration was granted by Judge Tarnow, in the exercise of his discretion. Plaintiff now submits that *post hoc* order by Judge Tarnow as "Supplemental Authority" in the instant case. (ECF No. 64.)

The Court does not find that order as "authority" in this case. That order was filed on March 9, 2017, more than one month after this Court struck Plaintiff's unsworn Declaration. It was also filed one month prior to the scheduled summary judgment hearing in *Welch*. In the instant case, Plaintiff had not corrected the legally deficient Declaration prior to the convening of the instant scheduled summary judgment/motion to strike hearing on February 1, 2017. Another District Judge's exercise of discretion, on different facts, is not binding on this Court.

2014). The United States Court of Appeals for the Sixth Circuit affirmed. 552 F. App'x 566 (6th Cir. 2014).

The Court notes that in the instant case, during the course of Plaintiff's five-hour deposition, Plaintiff's counsel seized the opportunity to examine his client extensively with regard to her claims in this case. Plaintiff's counsel examined her on three separate occasions in that deposition, comprising 36 pages of testimony. (ECF No. 38 Ex. 4, Deposition of Michelle Bailey 171-201, 216:1-218:16, 221:2-222:11.)

The Court also notes that Plaintiff's counsel acted improperly on multiple occasions during Plaintiff's deposition to interfere with and indeed derail defense counsel's proper attempt to examine his client. This resultant misconduct by Plaintiff's counsel provided him with additional opportunities to bolster his client's case at the expense of Defendant's opportunity to challenge her claims. The deposition transcript reveals that time and again, Plaintiff's counsel violated this Court's Civility Principles toward opposing counsel[3]:

---

[3] *Civility Principles of the United States District Court, Eastern District of Michigan*, approved February 5, 1996:
<u>Attorney's Responsibilities to Other Counsel</u>
1. . . . We will treat all other counsel . . . in a civil and courteous manner . . .
2. . . . We will abstain from disparaging personal remarks or acrimony toward other counsel . . .
20. We will not engage in any conduct during a deposition that would not be appropriate in the presence of a judge.

[MR. HANCOCK:] You had a manager. Was she your superintendent?

A. Yes, she was my manager.

MR. WAHL: You already asked that, Counsel. You're stuck in the mud? Do you need help to get out of the same line of questioning? Maybe it's because, by repetition, you think it's more effective.

BY MR. HANCOCK:

Q. Now, did you ask for any time to consider what they had given you at this meeting?

A. To consider it in what regard?

Q. To come back with a response or come back with records or come back with anything.

MR. WAHL: She asked for records. But go ahead and answer.

(Bailey Dep. 137:22-138:10.)

[MR. HANCOCK:] Okay, is there any error in what's on this document -- now, what's on this document, Deposition Exhibit Number 9, is a title and a period of time that you, on one of the two applications, said you worked in that Job?

MR. WAHL: Forty minutes ago, she said the document was accurate. Why are you -- are you stuck somewhere? Is there some assistance I can give you? She's already agreed to that. Do you want her to agree again?

(Bailey Dep. 139:4-13.)

MR. WAHL: . . . Now, where are you reading from [on page] 99 --

MR. HANCOCK: Where it says, "The flexible workforce" --

MR. WAHL: Where is that?

MR. HANCOCK: It's about one-third of the way down.

MR. WAHL: Thank you. Played a key role? Is that what you're reading?

MR. HANCOCK: Now, could you please let her read the document and not point out things with your pen?

MR. WAHL: Where are you reading from?

7

MR. HANCOCK: Where it says, "The flexible workforce nursing program."

MR. WAHL: Okay.

MR. HANCOCK: Okay. Could you let her look at the document, please, and not point out things with your pencil?

MR. WAHL: Oh, just be quiet. You're being annoying.

MR. HANCOCK: You're being annoying. So, would you mind her looking at the document –

MR. WAHL: She's looking at it. Are you looking at it?

THE WITNESS: Yes.

MR. HANCOCK: And get off of it, please.

MR. WAHL: No.

MR. HANCOCK: You can't do that, Jerry.

MR. WAHL: Go ahead. Ask your question.

MR. HANCOCK: We're going to stop right here, If you're not going to stop pointing things out to her while I'm asking questions, then we stop here.

MR. WAHL: I'm pointing at, "played a key role."

MR. HANCOCK: We stop here until you stop doing that.

MR. WAHL: All right. The deposition is over.

MR.HANCOCK: No, it's not.

MR. WAHL: Go file a motion. Yes, it is. That's it. I'm pointing out where you're reading from so she can follow along.

(Bailey Dep. 154:9-156:20.)

[MR. HANCOCK:] You submitted Answers to Interrogatories. Did you have a chance to review them before they were sent to us?

A. Yes.

MR. WAHL: The answer to that is no, as well, but she did sign off on them, and you've got her verification.

MR. HANCOCK: Okay. . . . So, what she said was wrong and you're telling us what's right?

MR. WAHL: She doesn't know.

MR. HANCOCK: Okay. I --

MR. WAHL: As many clients and lawyers operate, we sent them out with an explanation to Ms. Davies that we're having our client review them.

MR. HANCOCK: Okay.

MR. WAHL: Then we had her sign them and she sent them along to Ms. Davies.

MR. HANCOCK: Okay.

MR. WAHL: So, I don't know what your problem is with something.

(Bailey Dep. 170:3-24.)

Plaintiff's counsel also acted to improperly control his client's testimony when he "cross-examined" her. Two examples:

[MR. WAHL:] So, job titles can change and are fluid, depending on whether somebody is entering in something for a job description performance review --

MR. HANCOCK: Is that a question --

MR. WAHL: It is.

MR. HANCOCK: -- or are you leading her to an answer?

MR. WAHL: I'm sorry, can I finish my question before you pipe up?

MR. HANCOCK: No. You're leading her, at this point, and telling her what you want her to say, so...

MR. WAHL: Fine.

(Bailey Dep. 177:19-178:6.)

[MR. WAHL:] All right. Based on that cross-examination, do you want to change your testimony that the duties that you described orally to Ms. Walker, Mr. Squire, Ms. Huffman and others during the more than three hours of interviews and three different trips, described these duties as any different --

MR. HANCOCK: You're leading her.

9

  MR. WAHL: I don't care.

  MR. HANCOCK: I'm just objecting that you're leading.

  MR. WAHL: I know. And I'm saying I don't care.

(Bailey Dep. 216:23-217:9.)

Plaintiff's counsel's misconduct, violating this Court's principles of civility and decency, enabled him to continuously develop/fashion his client's deposition testimony to his liking at the expense of the right of Defendant's counsel to depose Plaintiff.

### III.  CONCLUSION

Plaintiff has provided no legal basis for this Court to conclude that it committed error in striking Plaintiff's Declaration at the time and place set for the scheduled summary judgment hearing. The Court's ruling was based upon the clear requirements of 28 U.S.C. § 1746. Accordingly, the Court hereby DENIES Plaintiff's motion to reconsider its order striking Plaintiff's 30-page, 200-paragraph Declaration as in violation of 28 U.S.C. § 1746.

The Court also warns Plaintiff's counsel that he must adhere to the Court's Civility Principles, or he will face sanctions or contempt proceedings.

The Court schedules the hearing on Defendant's Motion for Summary Judgment for Tuesday, June 19, 2017 at 3:00 PM.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: June 2, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2017.

s/D. Tofil
Deborah Tofil, Case Manager